Bay, J.
dissenting, said be thought that after a great lapse of time, it mtgbt operate great injustice i i many cases, to lay down so rgid a rule of evidence in regard to wills ; as in many cases of wills of old date where the w it>.esses are dead, It is impossible to prove the hand writing of the witnesses, being often persons very little aceus. toined to sign their names, as nurses, and female friends, frequently called upon in a hurry, when the testator is in extremis; and therefore he thought it better answered (he ends of justice to relax the rule, and allow the presumption of a due execution of a will to prev til upon proof such as was given in this case ; and he thought a new trial-ought not to be granted.
A new trial was granted.
Grimke, J. absent.
Note. — See Hands v. James, 2 Com Rep. 531, wdiere it was left to the jury to say, whether the witnesses to a will, who were all dead, put their names in presence of the testator 2 Eq. Ca. Abr. 764 See also Bishop v. Burton, & al. 2 Con Rep. 614, 2 Eq. Ca Abr. 765, 3 P. Wms 192. Proof of the handwriting of the devisor, ami of two of the subscribing witnesses, wko were proved to bo dead, and that the third subscribing witness *243 ivas believed to be dead, and that the handwriting was his, as was believed by the witness, who proved the rest, was deemed iusulheient. 'Xhe proof should be positive of the death of the subscribing witnesses.